UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re  ) Case No. __20-62050__
**Bobby Joe Barton, II**  )
  ) [ONLY FOR CHAPTER 13 CASES]
  ) DEBTOR'S ATTORNEY'S DISCLOSURE
  ) OF COMPENSATION AND ANY
  ) EMPLOYMENT AGREEMENT, AND
  ) APPLICATION FOR COMPENSATION,
Debtor(s)  ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☑ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $__ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $__ ($4,750 maximum) and expenses of $___ for a total of $___.

☐ Debtor ☐ (specify) ____ has paid $____, leaving $____ to be paid through the plan.

☑ **SCHEDULE 2:** Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:

  ☐ (a) a flat fee (i.e., requiring no itemization) of $____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

  ☑ (b) an estimated total fee of $ **5000.00** and expenses of $ **335.00**. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing

☑ Debtor ☐ (specify) __ has paid $**1,635.00**, leaving $ **3,700.00** to be paid through the plan.

Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

☐ **SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to the fee arrangements as follows:

☐ Debtor ☐ (specify) __ has paid $__, leaving $__ to be paid through the plan.
[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:
1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.
2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details): __.

I further certify that on **10/26/2020** a copy of this document was served on the debtor(s) and trustee.

DATED: 10/26/2020

/s/Gregory J. Christensen
**Gregory J. Christensen 771395**
Debtor's Attorney



# GREGORY J. CHRISTENSEN
## ATTORNEY AT LAW

Post Office Box 2039  -  804 SW Fourth Street  -
Corvallis, OR 97339
Telephone:  (541) 757-1229          Fax (541) 757-0408

# HOURLY FEE AGREEMENT FOR CHAPTER 13 CASE

| | |
|---|---|
| **DATE:** <u>10/26/2020</u><br><br>*[Representation Limited to Bankruptcy Court. Attorney does not agree to represent Client in any action except in the Bankruptcy Court, unless otherwise acknowledged in writing signed by Attorney]* | *GREGORY J. CHRISTENSEN agrees to provide legal advice regarding a bankruptcy filing under Chapter 13 of the Bankruptcy Code; services necessary to prepare and file the petition for relief, schedules, related documents and initial plan, representation at Meeting of Creditors and Confirmation Hearing, preparation of any Wage Order and Order Confirming Plan, review of Proofs of Claims filed, audit of the Claims Register and the filing of precautionary claim(s) on for secured, priority, and non-dischargeable claims. "Estimated Attorney Fees" provide representation through confirmation of the initial Chapter 13 Plan, but not representation for pre-confirmation modifications to the plan or objections to confirmation.* |
| **CLIENT(S) NAME(S):**<br><br>**Bobby Joe Barton II**<br>_____<br><br>**TOTAL ESTIMATED ATTORNEY FEES:    $          5,000.00**<br><br>**COURT FILING FEE:  $             335.00**<br><br>**CREDIT REPORT:     $                  n/a**<br><br>**TOTAL ESTIMATE:   $          5,335.00***<br><br>*This total covers all services as described above right up to and including Confirmation of the Plan.  This fee does NOT include:* | *CLIENT(S) agree: to pay an hourly rate of $270.00 for attorney services and $125.00 per hour for paralegal services [calculated on the basis of a minimum time period of one-tenth of an hour for such services]. CLIENT(S) acknowledge that these hourly rates may be increased periodically upon thirty days written notice to clients. CLIENT(S) understand that CLIENT(S) must pay the amount set forth in the left-hand column. The **"Amount due Prior to filing the Case"** and filing fee have to be paid in full before CLIENT(S)' case can be filed. CLIENT(S) agree that all payments including the **"Amount due Prior to Filing the Case**" and the filing fee, under this agreement, are immediately the law firm's property and will not be deposited in the law firm's Clients' Trust Account. CLIENT(S) authorize the filing of a bankruptcy petition on CLIENT(S)' behalf once the payment toward the legal fees described in the left-hand column, including filing fees, have been paid, this agreement and all bankruptcy documents are completed and signed and the law firm has received certification of completion for the credit counseling course.* |
| **AMOUNT DUE PRIOR TO FILING THE CASE:** | $1,635.00 | Amount in full that must be paid prior to filing the bankruptcy case. |
| **PAID TO DATE:** | $1,635.00 | As of the date of this agreement |
| **BALANCE DUE PRIOR TO FILING:** | 0.00 | Balance due before filing |
| **REMAINING FEES TO BE PAID FROM THE PLAN** | $3,700.00 | To be paid from Chapter 13 monthly payments by the Trustee |

Page -1- of 4 Attorney – client fee agreement Chapter 13 rev. 8/17

**OUR LEGAL REPRESENTATION DOES NOT EXTEND TO THE FOLLOWING SITUATIONS:**

EXCLUDED SERVICES:   The fees and legal services agreed to on the first page of this agreement do not include representation in the following legal issues:
- in State Court actions.
- to satisfy a State Court Judgment due to bankruptcy discharge.
- to reinstate a revoked or suspended driver's license.
- to initiate lawsuits (adversary proceedings) to discharge student loan debts.
- to resolve non-dischargeable taxes or tax lien issues.
- to prepare Offers in Compromise to resolve non-dischargeable tax debts.
- to defend a complaint to deny discharge of a specific debt.
- to resist motions for relief from stay to repossess or foreclose debtor's assets.
- to defend motions or complaints objecting to debtor's claimed exemptions in assets.
- to amend or modify a Chapter 13 Plan after it has been filed with the Court.
- to sever and/or convert a case from Chapter 13 to Chapter 7
- to motion the court for a hardship discharge

If any additional legal services provided by the attorney before or after confirmation of the Chapter 13 plan (i.e a Motion to Dismiss, Relief from Stay or Modifying a Plan) are necessary, additional fees may be paid through the plan at $270.00 per hour for the attorney and $125.00 per hour for the paralegal by application for supplemental fees.  Any other additional legal services may require a new fee arrangement.

If CLIENT(S) neglect to list a creditor in CLIENT(S)' original schedules, CLIENT(S) agree to pay the Court filing fee ($36.00) for amending CLIENT(S)' schedules; a paralegal preparation fee for completing the amendment forms - for one creditor ($75.00) and each additional creditor ($10.00).
Fees are earned upon receipt. Furthermore, in a Chapter 13, since part of the attorney fees are being paid by the Trustee to the attorney, if the case is dismissed or converted, the attorney is authorized to negotiate a Trustee check made out to client for the balance of attorney fees which have not been paid.


**SERVICES FOR EXCLUDED SERVICES AS LISTED ABOVE MAY REQUIRE A NEW FEE ARRANGEMENT:** If the need arises for any of the excluded services listed above, a new fee arrangement and an estimated fee agreement may need to be entered between this law office and the client(s). An hourly rate will be charged for these services.  The regular rate is $270.00 per hour for attorney fees and $125 per hour for paralegal fees. Client(s) also agree(s) to pay all of Attorney's costs incurred in representing Client related to extraordinary services. Examples of such costs include filing fees, court reporter fees, long-distance telephone, photocopies (whether made in Attorney's office or at an outside printing service), PACER chargers, and facsimiles.

[Please note that if creditors initiate contested or adversary proceedings, you may not have the option to go to court without an attorney, even if you so desire, unless the Bankruptcy Judge first permits Attorney Christensen to resign. The Bankruptcy Court has ruled that unless it permits an attorney to resign, the attorney must continue representation and be reasonably compensated for services rendered and costs incurred.]

### Client's Duty to Cooperate
Client(s) agree(s) to cooperate with Attorney to complete all forms requested by Attorney and to provide Attorney with all information necessary to enable Attorney to represent Client's best interests. If Client unreasonably declines to cooperate, or knowingly provides Attorney with false or fraudulent information or testifies untruthfully in any matter before the court, Client agrees that Attorney shall have the right to immediately resign.


### Additional Terms and Conditions

CLIENT(S) understand that this estimate of fees will be provided to the Bankruptcy Court. CLIENT(S) know that this is an estimate only and that the actual fees for handling CLIENT(S) case will be based on the hourly rates set forth above. At any time the fees based on the hourly rates exceed the estimate or any amount authorized by the Court, the law firm is authorized to apply for payment of the additional fees through the plan. CLIENT(S) acknowledge that this may require larger plan payments or a longer payment plan and CLIENT(S) agree to sign an amended plan, if necessary, to provide for such larger payments or longer plan. If CLIENT(S) cannot afford the payments necessary to pay the additional fees, CLIENT(S) authorize the law firm to dismiss the case or withdraw from further representation, but only after filing a motion to dismiss, sending a notice to the creditors and interested parties in the case and, as needed, obtaining court approval. If the payments received by the law firm are more than the fees earned based on the hourly rates, CLIENT(S) will receive a refund at the end of the case.

CLIENT(S) agree to cooperate in all aspects of CLIENT(S) Chapter 13 bankruptcy case. All of the information CLIENT(S) have provided is true and complete to the best of CLIENT(S) knowledge. CLIENT(S) agree to disclose all changes in address, phone number, employment, marital status, income and expenses. CLIENT(S) agree to honor all requests made by the law firm or the trustee and all Orders of the U.S. Bankruptcy Court. CLIENT(S) acknowledge and agree that if CLIENT(S) do not cooperate or provide false information or testify untruthfully in any matter before the Court, the law firm has the right to immediately terminate this agreement and withdraw from further representation.

CLIENT(S) may terminate this legal fee agreement at any time. CLIENT(S) also understand that the law firm reserves the right to withdraw from further representation of CLIENT(S) at any time on reasonable written notice to CLIENT(S) at CLIENT(S) last known mailing address, and, as needed, after a motion and order from the Bankruptcy Court. If CLIENT(S) terminate the fee agreement or the law firm withdraws from further representation, CLIENT(S) may be entitled to a refund of a portion of the fee CLIENT(S) paid in advance or the fees paid through the plan, if the legal services are not completed by the law firm prior to termination or withdrawal.

If there are outstanding legal fees or cost unpaid at the time of termination of this agreement or upon dismissal of CLIENT(S) case, CLIENT(S) acknowledge and agree that CLIENT(S) continue to be liable for them under this agreement.

CLIENT(S) authorize the law firm to negotiate and deposit any refund check that may be received from the Chapter 13 Trustee and apply it against any outstanding legal fees due under this agreement. CLIENT(S) also authorize the law firm to so apply any other funds of CLIENT(S) that may come into the possession of the law firm. The law firm may also request that such funds be made payable to the law firm. In addition, CLIENT(S) irrevocably assign to the law firm any award of attorney fees and costs ordered by a court.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable attorney fees before trial, at trial, or after appeal, as determined by the Court, will be borne by the losing party.

CLIENT(S) agree that the law firm may appoint another attorney to assist with this case in the event of the closure of this law firm or in the event of death, disability, impairment, or incapacity of the attorney. In such event, CLIENT(S) agree that the assisting attorney can review CLIENT(S)' file to protect CLIENT(S)' rights.

The law firm will send CLIENT(S) information and correspondence throughout the case. These copies will be CLIENT(S)' file copies. The law firm will also keep the information in its file. When the law firm has completed all the legal work necessary for CLIENT(S)' case, CLIENT(S) understand that the law firm will close its file. CLIENT(S) agree that CLIENT(S) will collect all original documents that CLIENT(S) want from the law firm's file prior to or at that time. The law firm is authorized to destroy all contents of the file at that time, including any uncollected original documents. CLIENT(S) agree to pay a $35 fee if CLIENT(S) request copies of Bankruptcy documents.

CLIENT(S) acknowledge reading a copy of this proposal and agree to its terms and conditions.

CLIENT(S) also acknowledge receiving and reading a copy of a document entitled "Notice Required by 11 USC Section 527(a)" and another single, separate document entitled "IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER."


/s/Bobby Joe Barton II                     Date: 10/26/2020
CLIENT: Bobby Joe Barton II


/s/Gregory J. Christensen                  Date: 10/26/2020
ATTORNEY: GREGORY J. CHRISTENSEN